JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DR. AARON SMITH

### DEFENDANTS
TEMPLE UNIVERSITY

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Office of Dana Y. King
1515 Market St. Philadelphia, PA 19102
610-304-3273

Attorneys *(If Known)*
Tucker Law Group
1801 Market Street, Suite 2500
Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel & Slander | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 368 Asbestos Personal Injury Product Liability | | 840 Trademark | 460 Deportation |
| | 340 Marine | | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | LABOR | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | PERSONAL PROPERTY / 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | SOCIAL SECURITY | 490 Cable/Sat TV |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) 863 DIWC/DIWW (405(g)) 864 SSID Title XVI | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty Other: | IMMIGRATION | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 462 Naturalization Application 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | 550 Civil Rights | | | |
| | 448 Education / 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. § 2000e, et seq. ("Title VII"); 43 P.S. §951, et seq. ("PHRA"); Phila Code §9-1101, et seq. ("PFPO")
Brief description of cause:
Plaintiff brings this action against his employer for discrimination, retaliation, and termination.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ exceeds $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
*Dana Y. King*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_____

---

***RELATED CASE IF ANY:***   Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

*Dana G. King*

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X]   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ]   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

*Dana G. King*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Aaron X. Smith  :  CIVIL ACTION
Plaintiff       :
        v.      :
                :
Temple University : NO.
Defendant       :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| June 16, 2025 | *Dana Y. King* | Plaintiff, Aaron X. Smith |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-304-3273 | | danayking@kingedlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **AARON X. SMITH** | : | |
| 2114 E. Chelten Avenue | : | CIVIL ACTION |
| Philadelphia, PA 19138 | : | COMPLAINT AND JURY TRIAL DEMAND |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| | : | |
| **V.** | : | |
| | : | |
| | : | |
| **TEMPLE UNIVERSITY** | : | |
| 1801 N. Broad Street | : | : |
| Philadelphia, PA 19120 | : | |
| | : | |
| **Defendant.** | : | |

_____

# COMPLAINT

_____

I.      **INTRODUCTION**

Plaintiff, Aaron X. Smith ("Plaintiff"), brings this action against Defendant Temple University ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Pennsylvania Human Relations Act, as amended 43 P.S. §951, et seq. ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila Code §9-1101, et seq. ("PFPO"). Plaintiff was employed by Defendant as a tenure-track professor since 2018. From 2022 until recently, Plaintiff filed several grievances and complaints demanding an investigation into the discriminatory practices within the College of Liberal Arts. In 2023—in the midst of completing the tenure process, Plaintiff was falsely accused of academic misconduct, received threatening

1

letters of reprimand from the Dean for the College of Liberal Arts—Mr. Richard Deeg. Subsequently, Plaintiff's tenure-track contract was unlawfully converted into a one-year terminal, non-renewal contract. Plaintiff seeks, without limitation, all appropriate relief including front-pay, compensatory damages for pain and suffering, liquidated damages, punitive damages, and attorneys' fees and costs.

## II. PARTIES

1. Plaintiff, Dr. Aaron X. Smith, is an individual and a citizen of the Commonwealth of Pennsylvania.
2. He resides in Philadelphia, PA.
3. Defendant Temple University is a Pennsylvania Public University located at 1801 N. Broad Street, Philadelphia, PA 19122.
4. At all times material hereto, Plaintiff worked for Defendant via an employment contract.
5. At all times material hereto, Defendant employed more than fifteen (15) employees.
6. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.
7. At all times material hereto, Defendant acted as the employer within the meaning of the statute(s) which form the basis of this matter.
8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statute(s) which form the basis of this matter.

## III. JURISDICTION AND VENUE

9. The causes of action which form the basis of this matter arise under Title VII (Count I), PHRA (Count II) and PFPO (Count III).
10. The District Court has jurisdiction over Count I pursuant to 28 U.S.C. §1331.

11. The District Court has supplemental jurisdiction over Counts II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367

12. Venue is proper in the District Court under 28 U.S.C.§139(b).

13. On or about March 7, 2025, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") and cross filed with the Philadelphia Commission on Human Relations complaining of the acts of discrimination and retaliation alleged herein. Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Complaint.

14. On or about March 19, 2025, the EEOC issued to Plaintiff a Notice of Rights for Plaintiff's EEOC Charge. Attached hereto and marked as Exhibit "2" is a true and correct copy of that notice.

15. Plaintiff has fully complied with all administrative preregisters for the commencement of this action.

16. At all relevant times during the administrative process, Defendant was on notice of Plaintiff's claims and facts underpinning same.

17. Defendant participated in the administrative process.

IV.    **FACTUAL ALLEGATIONS**

18. Plaintiff was hired by Defendant in 2018 as a tenure-track Professor to teach in the College of Liberal Arts via the Department of Africology and African American Studies.

19. From 2018 through 2022, the Chair of the Department was Dr. Molefi Asante.

20. While Plaintiff reported to the Chair of the Department all final decisions surrounding Plaintiff's employment were supervised and decided by Richard Deeg, the Dean ("Dean Deeg") for the College of Liberal Arts.

3

21. On February 9, 2022, Plaintiff's contract was renewed for two additional years (July 1, 2022-June 30, 2024) with publishing and scholarship conditions not normally required for tenure review.

22. No non-African American tenure track professors within the College of Liberal Arts, were given a renewal contract with publishing and scholarship conditions outside of the normal and standard terms.

23. In the Summer/Fall 2022, Dean Deeg promoted Dr. Ama Mazama to Chair of the Department of Africology and African American Studies.

24. During the first week as Chair, Dr. Mazama removed Plaintiff and all other African American men from their special positions overseeing special programs for undergraduate and graduate students.

25. Plaintiff complained to the College of Liberal Arts as to the legitimacy of actions taken by the Chair and supported by Dean Deeg.

26. On November 18, 2022, Defendant responded to the complaints of discrimination by assigning an outside law firm—Buchanan Ingersoll & Rooney, PC (the "Investigators") to 'conduct an independent investigation' into the allegations made by Plaintiff, and other staff and some students.

27. The investigation was limited only to one department within the College of Liberal Arts—the Department of Africology and African American Studies and was not broadened to investigate the complaints of racial discrimination against the College of Liberal Arts under the leadership of Dean Deeg.

28. Because some of the allegations of discrimination were made against Dean Deeg and the College of Liberal Arts, Former Compliance Chief Alejandro Diaz indicated in writing to

the Dean, reiterating that he was to refrain from retaliating against Plaintiff and other members of the Department for any reason.

29. The final report indicating no findings of discrimination was dated July 26, 2023 ("July 26, 2023, Report") and would serve as Defendant's response to all future complaints of discrimination alleged by Plaintiff, and the template for future internal and external investigations relating to Plaintiff's complaints or grievances.

30. Despite the warning from the Chief Compliance Office, In retaliation to Plaintiff's filing a grievance and a complaint of discrimination, Dean Richard Deeg sent a notice dated October 2023, indicating his intent to reprimand Plaintiff.

31. The July 26, 2023, Report did not include information about the legitimacy of the Dean's separate and outside investigation of Plaintiff for the purpose of reprimand and whether or not this practice occurs within or against the other departments under the Dean's leadership of the College of Liberal Arts.

32. On February 16, 2023, Plaintiff received a letter from the Interim Vice President for Research, Steven Nappi indicating that an Inquiry Committee would be formed to investigate allegations made against Plaintiff of academic dishonesty and misconduct.

33. Although, Plaintiff unsuccessfully sought information on this investigation, and per the August 2023 report, the investigatory committee found no academic dishonesty or misconduct, Plaintiff would not receive notification of such findings until May 4, 2024— 209 days since the initial accusation.

34. Defendant through its agents, employees, etc. deliberately did not disclose information to Plaintiff until May 4, 2024, which included an April 4, 2023, memo (never received by Plaintiff) issued by Provost Greg Mandel indicating that an Inquiry Committee was not to

be formed "because {an} investigation is not warranted because there is no reasonable basis for concluding that the allegations fall within the definition of research misconduct."

35. Not only was the Allegations of Plagiarism Inquiry Committee reconvened, but the Inquiry Committee never investigated how a privately submitted article to a journal (April 2022) and withdrawn before the peer-review process (June 2022) was never made available to anyone other than the accepting editor (Dr. Ama Mazama) could be the source of an investigation that would interfere with Plaintiff's ability to continue pursuing the tenure process with dignity.

36. No non-African American tenure track professors within the College of Liberal Arts, experienced this level of misguided scrutiny, accusations of dishonesty and hostility, discrimination, or retaliation during the tenure process.

37. In February 2023, Dean Deeg rejected the recommendation of the Personnel Committee of the Department of Africology and African American Studies and accepted a non-renewal recommendation from Chair—Dr. Mazama-unrelated to any conditions in the 2022-2024 contract.

38. Throughout the grievance process, Defendant presented no evidence indicating that other tenure track professors (who are not African American) teaching and pursuing tenure within the College of Liberal Arts, were given a one-year terminal contract—ending their tenure-track process for similar reasons indicated.

39. On October 17, 2024, Plaintiff received an email from Dean Deeg that Plaintiff would not be assigned to teach any classes although he was under contract to do so.

40. Plaintiff was not given any reasons justifying the Dean's decision.

41. No non-African American tenure track professors within the College of Liberal Arts, was given notice without reason that they would not be permitted to teach any courses during the semester.

42. During the month of October 2024, Plaintiff requested an external investigation to determine if any similar situated individual(s) of a different race working as a tenure-track professor within the College of Liberal Arts incurred the same adverse actions.

43. Defendant granted the external investigation but redirected the investigation once again to be restricted only to the Department of Africology and African American Studies and did not require the investigation to examine how other non-African American tenure track professors were treated in other schools within the College of Liberal Arts under the leadership of Dean Deeg.

44. Additionally, the findings (made available May 15, 2025) only echoed the July 26, 2023, report. In that, there was no indication that the investigator was provided documentation of Dean Deeg's intent to reprimand Plaintiff and/or the documentation of the documents that supported Plaintiff's claim of false allegations, harassment and hostility.

45. More importantly, it can be inferred that Defendant did not provide the investigator the relevant information of the October 2024 arbitration findings that would raise a reasonable interference that Plaintiff was being discriminated against.

**COUNT I-TITLE VII (Discrimination, Retaliation, and Hostile Work Environment)**

46. Plaintiff incorporates herein by reference the above paragraphs, as if set forth herein in their entirety.

47. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated Title VII, without limitation, in connection with the following adverse acts:

      a. Subjecting Plaintiff to racial discrimination

      b. Subjecting Plaintiff to a hostile work environment

      c. Termination of his employment contract

48. Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

49. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief request herein.

51. No previous application has been made for this relief requested herein.

## COUNT II-PHRA (Discrimination, Retaliation, Hostile Work Environment)

52. Plaintiff incorporates herein by reference the above paragraphs, as if set forth herein in their entirety.

53. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated PHRA, without limitation, in connection with the following adverse acts:

      a. Subjecting Plaintiff to racial discrimination

      b. Subjecting Plaintiff to a hostile work environment

      c. Termination of his employment contract

54. Said violations were intentional and willful.

55. As a direct and proximate result of the Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth and has incurred attorneys' fees and costs.

56. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of the Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

57. Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

58. As a direct and proximate result of Defendant's violation of PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.
59. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief request herein.
60. No previous application has been made for this relief requested herein.

**COUNT III-PFPO (Discrimination, Retaliation, Hostile Work Environment)**

61. Plaintiff incorporates herein by reference the above paragraphs, as if set forth herein in their entirety.
62. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated PFPO, without limitation, in connection with the following adverse acts:
    a. Subjecting Plaintiff to racial discrimination
    b. Subjecting Plaintiff to a hostile work environment
    c. Termination of his employment contract
63. Said violations were intentional and willful.
64. As a direct and proximate result of the Defendant's' violation of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth and has incurred attorneys' fees and costs.
65. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of the Defendant's discriminatory acts unless and until the Court grants the relief requested herein.
66. Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.
67. As a direct and proximate result of Defendant's violation of PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.
68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief request herein.
69. No previous application has been made for this relief requested herein.

# RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

    (a) declaring the acts and practices complained of herein to be a violation of Title VII.

    (b) declaring the acts and practices complained of herein to be in violation of the PHRA.

    (c) declaring the acts and practices complained of herein to be in violation of the PFPO.

    (d) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined.

    (e) enjoining and restraining permanently the violation alleged herein.

    (f) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory, retaliatory, and unlawful misconduct.

    (g) awarding compensatory damages to Plaintiff for past and future emotional upset mental anguish, humiliation.

    (h) awarding Plaintiff liquidated damages.

    (i) awarding Plaintiff cost of this action, together with reasonable attorney's fees.

    (j) awarding punitive damages to Plaintiff.

    (k) awarding Plaintiff such other damages as are appropriate under Title VII, PHRA and the PFPO.

    (l) granting such other and further relief as this Court deems appropriate.

Dated: June 15, 2025,                    The Law Office of Dana Y. King, LLC
                                                               BY:   */s/ Dana Y. King*
                                                                Dana Y. King, Esq. (329476)
                                                                1515 Market Street, Suite 1200
                                                                Philadelphia, PA 19102

610-773-9820
Attorney for Plaintiff, Aaron X. Smith

11